IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

GEORGE BRUMITT, ON BEHALF   )
OF HIMSELF AND THE CLASS   )
DESCRIBED HEREIN,   )
   )
    PLAINTIFFS,   )
   )
v.   )   CASE NO. 2:05cv396-WHA-DRB
   )
UNIFUND CCR PARTNERS, UNIFUND  )
CORPORATION, CREDIT CARD   )
RECEIVABLES FUND INCORPORATED )
AND ZB LIMITED PARTNERSHIP,   )
   )
    DEFENDANT(S).   )

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
JOINT MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND TO
DISMISS FOR LACK OF JURISDICTION PURSUANT TO RULE 12(b)(1)**

---

## I.    Facts Alleged in the Complaint.

On April 29, 2005, George Brumitt (the "Plaintiff") filed his Complaint. *See generally* Complaint.  The Plaintiff alleges that Unifund CCR Partners ("Unifund") violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692-1692o (the "FDCPA").  *See* Complaint.  The Plaintiff also names Unifund Corporation, Credit Card Receivables Fund Incorporated and ZB Limited Partnership as defendants, alleging that each is a general partner of Unifund.  Complaint at ¶5.  (All defendants in this action will be referred to collectively as the "Defendants.").

{B0505122}

The Plaintiff bases his FDCPA claims on a lawsuit filed by Unifund in the Small Claims Court of Barbour County, Alabama on February 22, 2005, and captioned *Unifund CCR Partners v. George Brumitt*, No. SM 2005 022 (the "Barbour County Case"). Complaint at ¶6, Exh. 1. Unifund sued the Plaintiff for $2,174.50 owed on account number 4444003402570832 (the "Account"), a delinquent account Unifund had purchased from Bank One Delaware, N.A., as part of a larger purchase of accounts from that institution. Exh. 1. Unifund's complaint in the Barbour County Case alleged that the Plaintiff owed $2,174.50 on the Account based on a verified account stated. Complaint at ¶7, Exh. 1.

The complaint in the Barbour County Case had attached a sworn affidavit from a Unifund employee stating that the Plaintiff owed $2,174.50 on the Account, that the Account originated with B1 Brand Embossed Digit Card, that Unifund had purchased the account, and that the Account had been "assigned, transferred and set over unto" Zarzaur & Schwartz, P.C. "with full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of said claim." Exh. 1.[1] Also attached to the Barbour County Case complaint was a statement from Unifund, dated December 27, 2004, which stated that Unifund had purchased the Plaintiff's Account, and requesting payment of

---

[1] The Plaintiff incorrectly and disingenuously alleges in paragraph 9 of the Complaint that he owed $2,174.50 to B1 Brand Embossed Digit Card. *See* Complaint ¶9. This allegation is directly contradicted by the actual Barbour County complaint which Plaintiff himself attached to his Complaint in this case as Exhibit 1. *See* Exh. 1.

{B0505122}

said Account, and a bill of sale for the 16,154 accounts purchased by Unifund from Bank One, Delaware, N.A.  Exh. 1.  The Barbour County Case was set for trial. Complaint. ¶10.  Unifund's counsel failed to appear for trial and the case was dismissed.  Complaint at ¶11.

The Plaintiff claims that "the affidavits and exhibit" – presumably the affidavit and exhibits attached to the complaint in the Barbour County Case, are insufficient to establish an account stated.  Complaint at ¶12.  The Plaintiff also cites *University of South Alabama v. Bracy*, 466 So. 2d 148 (Ala. Civ. App. 1985), which sets forth the elements of a prima facie case for an account stated. Complaint at ¶13.

The Plaintiff further alleges that Unifund has filed approximately 550 lawsuits in Alabama against Alabama consumers.  Complaint at ¶14.  Alleging "[o]n information and belief," the Plaintiff claims that "hundreds of these suits have not been adjudicated, were won by consumers, or were otherwise dismissed without judgments against the consumer."  Complaint at ¶15.  Further alleging "[o]n information and belief" the Plaintiff claims that Unifund filed "an affidavit of indebtedness" with each suit.  Complaint at ¶17.  Finally, and still alleging "[o]n information and belief," the Plaintiff arrives at what appears to be the gravamen of his FDCPA claim: "On information and belief Unifund has no contemporaneous documentation of any debt owing by the plaintiff or any other Alabama consumers

3

it files collection suits against" and "On information and belief it is the practice of Unifund to file collections against Alabama consumers knowing that it does not have any way to prove such debts are owing or any means of obtaining such proof." Complaint at ¶16, ¶18.

Count I of the Complaint claims that Unifund has made a "false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. §1692e(2)(a);" that Unifund apparently made "[a] threat to take action that cannot be legally taken in violation of 15 U.S.C. §1692e(5);" that Unifund resorted to the use of "a false representation and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e(10); that Unifund violated 15 U.S.C. §1692f, "which prohibits the use of and [sic] unfair or unconscionable means to collect or attempt to collect a debt;" and finally, that "Unifund has violated the FDCPA in ways not specified herein." Complaint ¶21a – 21e.

Count II of the Complaint makes class action allegations. Complaint ¶¶23-31. Count III purportedly seeks a declaratory judgment, but rather than specifying declaratory relief, asks for class certification, statutory damages, attorney's fees and costs, "a temporary and permanent injunction restraining the defendant, their agents or employees from their practices alleged until further order of Court," an order directing Unifund to "cease illegal collection activity," that this Court "enjoin defendants from destroying or altering books or records concerning or in

4

any way relating to the practices [alleged in the complaint]," other relief this Court deems just and equitable, and, finally, punitive damages.

## II. Despite the liberal standard for reviewing motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Plaintiff has failed to state a claim upon which relief can be granted and this case must therefore be dismissed.

While the Plaintiff intends the litany of allegations spelled out in the Complaint as a comprehensive and damning indictment of Unifund's practice in the Small Claims Court of Barbour County, Alabama, the facts alleged by the Plaintiff in putative support of his lawsuit do not, as a matter of law, constitute violations of the FDCPA.   Therefore, although the Plaintiff enjoys the liberal standard of review for motions to dismiss, this Court must nonetheless dismiss all of the Plaintiff's claims with prejudice.

### A. The standard of review for motions to dismiss pursuant to Fed. R. Civ. P 12(b)(6).

The standard for reviewing a motion to dismiss for failure to state a claim upon which relief can be granted is well-established: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The analytical framework to be employed by a court in resolving a Fed. R. Civ. P. 12(b)(6) motion is equally well-established: the court must construe the complaint in the light most favorable to the plaintiff; accept all well-pleaded factual allegations as true, and determine

5

whether the plaintiff can prove any set of facts to support a claim that would merit relief. *Jackson v. BellSouth Telcomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). However, the court need not accept as true conclusory allegations or bare assertions of legal conclusions. *Id.* Courts need not "swallow the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Utilizing this analytical framework to analyze the complaint in this case, this Court must dismiss the Complaint in entirety because the Plaintiff has failed to state a claim upon which relief can be granted under the FDCPA.

**B. The Plaintiff's allegation that Unifund had no contemporaneous documentation of any debt owing by the Plaintiff or any other Alabama consumers it files collection suits against and that it is the practice of Unifund to file collections against Alabama consumers knowing that it does not have any way to prove such debts are owing or any means of obtaining such proof are belied by the very exhibit attached to the Complaint in this case.**

It appears that the Plaintiff's primary contention is that Unifund files actions with "no contemporaneous documentation" of the debts owed by the parties it sues, and Unifund knows it has no way to prove the validity of such debts. Complaint at ¶¶16, 18. These contentions apparently form the basis of Count I's allegation that Unifund violated §1692e(2)(a), §1692e(5), §1692e(10), and §1692f. *See*

6

Complaint at ¶21.[2]  These allegations are the very type of invective and bald assertions of which the court disapproved in *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).  Further, attached to the Complaint is the very evidence that belies the Plaintiff's specious assertion of wrongdoing.

The Plaintiff attaches the Barbour County Case complaint and its exhibits and attachments to his Complaint, but fails to recognize that these documents undermine his allegations.  The documents attached are the sworn affidavit of Bharati Lengade, a Unifund media manager, the Plaintiff's Unifund account statement, and the bill of sale for the Plaintiff's account.  *See* Complaint Exh. 1.

The affidavit, sworn to before a notary public, states that (1) Unifund purchased the Plaintiff's account; and (2) that there was due and payable on that account $2,174.50.  Complaint Exh. 1.  The second document, the Plaintiff's account statement from Unifund, constitutes an account stated under Alabama law.[3]  The third document, the bill of sale, verifies Lengade's sworn statement.  All of these documents point to, and establish that Unifund possessed documentation of the debt owing *before* it filed suit because these documents were all attached to Unifund's complaint.

The Plaintiff's answer to the Barbour County Case complaint, a denial that

---

[2] It appears, however, that the Plaintiff may also be alleging that the purported defects in Unifund's complaint in the Barbour County Case violate the same provisions of the FDCPA.  Such allegations are nonsense, and are dealt with later in this memorandum.

[3] See argument in subsection II.C directly following this subsection.

7

he owed the debt which formed the basis of Unifund's complaint, is not dispositive here, and merely demonstrates that there existed a genuine issue of material fact regarding the debt. *See* Complaint Exh. 1. As the Plaintiff admits in the Complaint, the Barbour County Case was dismissed on procedural grounds when Unifund's attorney failed to appear at trial. Complaint at ¶11. Thus, this Court may infer that the Plaintiff intended to hold Unifund to its burden of proof under Alabama law, but it need not infer that no debt existed. Because the record established by the Plaintiff's Complaint in this case establishes that Unifund had contemporaneous documentation of the debt owed by the Plaintiff, the record also necessarily shows that Unifund had a way to prove these debts were owing. Therefore, this Court must dismiss all of the Plaintiff's claims based upon the allegations in paragraphs 16[4] and 18[5] of the Complaint.

### C.    The affidavits and exhibits attached to the Barbour County Case complaint sufficiently allege an account stated according to Alabama law.

The Barbour County Complaint, in conjunction with the evidence attached to it, met or exceeded the pleading and proof requirements which govern "account stated" allegations under Alabama law. The standard by which a Court adjudicates

---

[4] "On information and belief Unifund has no contemporaneous documentation of any debt owing by the plaintiff or any other Alabama consumers it files collection suits against."

[5] "On information and belief it is the practice of Unifund to file collections against Alabama consumers knowing that it does not have any way to prove such debts are owing or any means of obtaining such proof."

8

a claim to recover on an account stated is well-settled. As held by the Alabama Supreme Court on numerous occasions:

> An account stated is an agreement between parties who have had previous monetary transactions that the statement of account and the balance struck are correct and a promise, express or implied, that the debtor will pay that amount. When an account is rendered or presented to the debtor and the debtor does not object to it within a reasonable time, the failure to object is regarded as an admission that the account is correct, and it becomes an account stated**.** Once the plaintiff proves a prima facie case in an action on an account stated, the burden shifts to the defendant to assert any legal defense available.

*Plymel dba Tri-State Financial Service vs. B. W. Projects, Inc.*, 632 So. 2d 453, 455 (Ala. 1993) (relying on *Gilbert vs. Armstrong Oil Co.,* 561 So. 2d 1078, 1080 (Ala. 1990)).

Under any interpretation, the allegations of, and proof attached to, the Barbour County Complaint were sufficient to satisfy Unifund's prima facie case. Simply, the Barbour County Complaint, as well as the exhibits thereto (all of which were attached to the Complaint in this case by the Plaintiff and thus may be considered when adjudicating this Rule 12 Motion), demonstrate that the "parties had previous monetary transactions," and that there was at least an "implied" promise by Plaintiff to pay the amount due. Thus, Unifund satisfied its prima facie case. Certainly, Plaintiff's allegation that Unifund had "no way" of proving its claim to "an account stated" is simply false.

9

Pursuant to the "Unifund Statement" attached to the Barbour County Complaint, the debt was presented to the Plaintiff on or about December 27, 2004. Also attached to the Barbour County Complaint was an affidavit of indebtedness stating that the Plaintiff's debt with B1 Brand Embossed Digit Card was assigned to Unifund; a "Unifund Statement" evidencing the amount due dated December 27, 2004; a bill of sale; and, an affidavit confirming Plaintiff was indebted to B1 Brand for the amount shown on the statement and that B1 Brand assigned this debt to Unifund. Thus, based upon the proof presented with the Barbour County Complaint, Unifund undeniably had a "way to prove such debts are owing." As such, Unifund's actions were in no way actionable as false representations under the FDCPA.

In fact, numerous reported Alabama cases recognize the ability of creditors, including those to whom debts are assigned such as Unifund, to sue alleging an account stated. For example, in *Ayers vs. Cavalry SVP One, LLC*, 876 So. 2d 474 (Ala. Civ. App. 2003), a credit card with U.S. Bank was opened by Ayers. U.S. Bank sold the Ayers' account to Mid First Bank, which then assigned the account to Cavalry. *Id*. at 474. Cavalry sued the Ayers for an "account stated" and obtained a summary judgment in its favor. *Id*. at 475.

The Alabama Court of Civil Appeals reversed the summary judgment, holding that Cavalry failed to demonstrate through affidavit testimony one element

{B0505122}

of its prima facie case.  *Id*. at 478.  As a result, the summary judgment was reversed and the case remanded to the trial court for further proceedings.  *Id*.

Importantly, however, Cavalry's failure to prove via affidavit testimony one element of its prima facie case for account stated was not actionable.  The simple fact that Cavalry did not win its suit for an account stated did not give rise to a cause of action by the debtor – which is exactly what the Plaintiff attempts to argue in this case.  Rather, in accord with normal practice, the Court in *Cavalry* simply required either a further evidentiary submission by Cavalry or that a trial be conducted on the merits.  *Id*. at 477-78.  Seemingly, in this action, the Plaintiff seeks to circumvent the normal course of proceedings as reflected by *Cavalry* and make actionable any case in which a creditor files for relief based on an alleged account stated and does not prevail – including cases like the underlying Barbour County action in which no decision was reached on the merits, but rather the case was dismissed due to the failure of counsel to appear at trial.

Simply, if accepted, the Plaintiff's theory will both circumvent well-settled precedent allowing creditors to sue for account stated, and abrogate the pleading and proof requirements established by the Alabama Rules of Civil Procedure. Such a result cannot be countenanced as it directly contravenes well settled precedent.  For example, in *Access Capital, Inc. vs. Uptown, Inc.*, 463 So. 2d 1127 (Ala. Civ. App. 1993), Access Capital was assigned a debt owed by Uptown.

{B0505122}

Access Capital then sued Uptown alleging, among other things, "account stated."

The trial court dismissed Access Capital's Complaint pursuant to a Rule 12(b)(6)

motion.

The Alabama Court of Civil Appeals reversed the trial court's dismissal of

Access Capital's Complaint for "account stated," holding that "the trial court erred

in concluding that Access Capital could not possibly prevail on its claims." *Id.* at

1128. The Court of Appeals' holding was predicated on two findings. First, the

Court found that:

> Attached to Access Capital's Complaint were copies of
> four invoices [the creditor] had issued to Uptown for
> various articles of clothing delivered during August and
> September; each invoice indicated that the invoice had
> been sold to Access Capital and that the payment of the
> invoice should be made to Access Capital.

(*Id.* at 1127-28).

The Court of Civil Appeals also held that:

> The Complaint states, in language substantially parallel
> to that contained in Forms 5 and 6 appearing under
> Appendix One to the Alabama Rules of Civil Procedure,
> that Uptown owes Access Capital $13,500.54 on an open
> account or, alternatively, on an account stated; those
> forms 'are sufficient under the rules [of Civil Procedure]
> and are intended to indicate the simplicity and brevity of
> statement which the rules contemplate.' Rule 84(Ala. R.
> Civ. P.) Moreover, four specific invoices issued by
> Michaels to Uptown and sold to Access Capital were
> appended to the Complaint, pursuant to Rule 10 (c), Ala.
> R. Civ. P., those invoices constitute a part of the
> Complaint and tend to support Access Capital's

{B0505122}

> allegations that it is owed the sums it seeks.  Because it does not appear beyond doubt from the face of the Complaint that Access Capital can prove no set of facts in support of its claim that we entitle the Plaintiff relief, we must conclude that the trial court erred in reaching the contrary conclusion.

*Id*. at 1128.

This analysis is directly applicable to the instant case.  In this action, as in *Access Capital*, the Plaintiff's debt was originally owed to a creditor who assigned the debt to Unifund.  As in *Access Capital*, Unifund sued alleging an "account stated," and attached to the Complaint documents, including an affidavit, demonstrating that the account had been sold by the original creditor to Unifund. Perhaps most importantly, as in *Access Capital*, the Barbour County Complaint which the Plaintiff in this case purports to put at issue conforms with the applicable rules which govern pleadings in the Small Claims Courts of Alabama.

Attached as Exhibit 1 to this filing is "Form 1" from the Appendix of the "Alabama Small Claims Rules."  These rules and this form govern actions brought in Alabama's Small Claims Courts.

Attached as Exhibit 2 is "Form 6," from the "Forms" to the Alabama Rules of Civil Procedure.  This is the form Complaint entitled "Complaint on Account Stated."  Even a cursory review of these two forms demonstrates that Unifund met and in fact far exceeded the requirements for pleading and most probably proving an "account stated" under Alabama law.

13

Simply, the Plaintiff's Complaint, although not a model of clarity, is seemingly predicated upon the argument that Unifund knew that it had "no way to prove Plaintiff's debts were owing." As did the creditor in *Access Capital*, however, Unifund pled an "account stated" using the forms provided by the Alabama Rules of Civil Procedure. As in *Access Capital*, Unifund attached to the Complaint invoices and other documentation indicating that the account had been sold to Unifund and that the Plaintiff had been notified of this fact. As in *Access Capital*, the debtor in this case argues that there is "no possible way" Unifund could prevail on its claim for an account stated. Unifund's use of the proper pleading form in conjunction with the evidence submitted with the Barbour County Complaint demonstrates not only that Unifund could have probably prevailed, but that it certainly satisfied its initial burden of demonstrating a prima facie case of account stated sufficient to shift the burden to the Plaintiff. Thus, as in *Access Capital*, Unifund did state a claim for account stated in the Barbour County Complaint and, as such, no serious argument can be advanced that Unifund had "no way of proving" its claims in the Barbour County Small Claims action.

      **D.**    **Even if the affidavits and exhibits attached to the Barbour County Complaint *were* insufficient to allege an account stated, this insufficiency is merely a failure of Unifund's prima facie case, a failure which was not tested by a fact finder in an adversary proceeding, and the Plaintiff fails to demonstrate that Unifund's actions violated the FDCPA.**

14

Assuming *arguendo* that the Plaintiff is correct that the affidavits and exhibits to the Barbour County Case complaint did not establish an account stated, the failure is one of pleading, not of truth.  The essence of the FDCPA provisions cited by the Plaintiff is to prevent debt collectors from using deceptive tactics in debt collection.  *See* 15 U.S.C. §1692(a), (e).  If this Court, in its analysis of the Complaint, determines that Unifund's complaint in the Barbour County Case failed to establish an account stated, it must still, as a matter of law, dismiss this case with prejudice.  A determination that the filing of an unsuccessful lawsuit in a debt collection action violates the FDCPA would effect a radical expansion of the FDCPA's scope that would abrogate not only the Alabama Rules of Civil Procedure, but any state code which allows for dismissal without prejudice on procedural grounds.  In a sense, such a determination would make it illegal to lose a debt collection case.

     1.     **§1692e(5) of the FDCPA does not, and cannot apply here where Unifund did not threaten to take action that cannot be legally taken because its lawsuit did not constitute a threat, and even if it did, the FDCPA permits lawsuits to collect on debts.**

The Plaintiff's claim that Unifund violated 15 U.S.C. §1692e(5) must fail as a matter of law.  Unifund's counsel could find no case law which stands for the proposition that the FDCPA prohibits the filing of a lawsuit to collect on a debt, or that filing a lawsuit constitutes a threat to take action pursuant to §1692e(5).

{B0505122}

Indeed, the United States Supreme Court recognized that filing lawsuits is a legitimate means of collecting a debt in *Heintz v. Jenkins*, 514 U.S. 291 (1995). The Court stated explicitly: "The [FDCPA] does apply to lawyers in litigation." 514 U.S. at 294. That a lawyer *can* violate the FDCPA necessarily means that a lawyer can file a lawsuit that does not violate the FDCPA.

Further, §1692e(5) only applies to *threats* to take improper action, not actions taken. Section 1692e(5) provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>> (5) The *threat* to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. §1692e(5) (emphasis added). "[N]othing in the FDCPA prevents debt collectors from suing to recover legitimate debts." *Oglesby v. Rotche*, No. 93 C 4183, 1993 U.S. Dist. Lexis 15687, at *22 (N.D. Ill. Nov. 4, 1993). Section 1692e(5) prohibits "making threats that are not intended to be carried out." *Id.* Conversely, §1692e(5) *does not* impose liability on a debt collector for actions actually taken. *See Wehrheim v. Secrest*, No. IP 00-1328-C-T/K, 2002 U.S. Dist. Lexis 19020, at *12-14 (S.D. Ind. Aug. 16, 2002); *Clark v. Pollard*, No. IP 99-1414-C H/G, 2000 U.S. Dist. Lexis 18934, at *8 (S.D. Ind. Dec. 28, 2000). The court in *Pollard* succinctly stated the reasons why the Plaintiff's §1692e(5) claim must fail as a matter of law in this case:

16

> [Plaintiff] is not challenging here any "threat," which is the term used in the portion of the FDCPA [he] relies upon. [He] is challenging instead action actually taken . . . . By its plain language, subsection (5) applies to *threats of action, not to actions actually taken*. Courts have repeatedly applied subsection (5) according to its terms to threats of unlawful action and to threats of action the collector does not actually intend to take.

*Pollard*, 2000 U.S. Dist. Lexis 18934, at *8 (emphasis added).

In his Complaint, the Plaintiff definitively demonstrates that §1692e(5) is not applicable by alleging that "Unifund filed or caused to be filed a suit in the Small Claims Court of Barbour County, Alabama." Complaint ¶6. "Unifund filed numerous lawsuits . . . ." Complaint at ¶14. By his very allegations, the Plaintiff admits that Unifund CCR *acts*. By its plain language, §1692e(5) does not apply to allegations that a debt collector *actually* took action against a debtor, but rather only applies to those cases in which the plaintiff alleges threats of unlawful action or threats of action a debt collector does not actually intend to take. The Plaintiff fails to identify a single threat made by Unifund. Rather, all of the allegations in the Complaint focus on actions actually taken by Unifund. Even if this Court gives the Plaintiff the benefit of every inference (as it must), the Plaintiff's allegations cannot be construed to state a claim against the Defendants for violation of §1692e(5). As such, this Court should dismiss the Plaintiff's claims brought pursuant to 15 U.S.C. §1692e(5) with prejudice.

**2.    §1692e(2)(A), §1692e(10), and §1692f of the FDCPA do not, and cannot apply here where no false representation of the**

**character, amount, or legal status of the debt has been made, where no false representation or deceptive means has been used to collect a debt, and where no unfair or unconscionable means have been used to collect a debt.**

Assuming *arguendo* that the Barbour County Case complaint and its exhibits failed to plead an account stated, this Court must still dismiss with prejudice all claims pursuant to §1692e(2)(A), §1692e(10), and §1692f of the FDCPA because, as stated above, there was no adjudication on the merits here that establishes that anything Unifund plead in the Barbour County Case is false.

The focus of §1692e(2)(A), §1692e(10) is falsity.  Threatening to sue on a time-barred debt, for example, misrepresents to a consumer that the debt collector can collect on a debt where no such recovery is possible.  *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987).  Similarly, naming the wrong plaintiff, and the plaintiff's attorney signing his name on the line of the complaint designated for the plaintiff's signature constitute false representations. *Blum v. Lawent*, No. 02 C 5596, 2004 U.S. Dist LEXIS 21846 at *7-9 (N.D. Ill. Sept. 27, 2004).  However, Unifund's counsel could find no case which states that the allegations of a complaint, verified by sworn affidavit, and contradicted only by a defendant's answer in a case dismissed on procedural grounds, constitute false representations or deceptive means to collect a debt.  Nor could counsel find any case law which holds that such a case constitutes an unfair or unconscionable means of collecting a debt in violation of §1692f.  As such, this Court must dismiss

18

the claims the Plaintiff brings pursuant to §1692e(2)(A), §1692e(10), and §1692f

of the FDCPA.

**III.    The Complaint violates the *Rooker-Feldman* Doctrine to the extent that its class definition does not exclude judgment debtors in whose cases Unifund prevailed in the Alabama Courts.**

The fact is, the Plaintiff here seeks to expand the FDCPA beyond any

reasonable bounds, essentially writing out of existence Alabama's small claims and

account stated rules and precedent.  In so doing, the Plaintiff violates the *Rooker-*

*Feldman* doctrine, which forbids federal district courts from hearing "cases

brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments."  *Exxon Mobil Corp. v.*

*Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005).  The Plaintiff's

*Rooker-Feldman* violation is apparent in the his class allegations, which do not

exclude judgment debtors in those cases in which Unifund prevailed.  *See*

Complaint ¶¶23-31.  Thus, the Plaintiff seeks this Court's intervention to rule, after

the fact, that in those cases in which Unifund prevailed, the Alabama courts erred

in ruling that there was an account stated, and hence in Unifund's favor.

Complaint ¶12 ("The affidavit and exhibits are insufficient to establish an account

stated").  To the extent that the Plaintiff seeks to include such Alabama judgment

debtors in his putative class, this Court must dismiss the class action claims for

19

want of jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005).

Respectfully Submitted,

/s Joshua H. Threadcraft
John P. Scott, Jr.
Bar No.: ASB 3636-O69J
Rik S. Tozzi
Bar No.: ASB 7144-Z48R
Joshua H. Threadcraft
Bar No.: ASB 7136-H36T
Attorneys for Defendants identified in the
Complaint as Unifund CCR Partners,
Unifund Corporation, Credit Card
Receivables Fund Incorporated and ZB
Limited Partnership
STARNES & ATCHISON, LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
E-mail:        jps@starneslaw.com
               rst@starneslaw.com
               jht@starneslaw.com

OF COUNSEL:
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama, 35259-8512

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| GEORGE BRUMITT, ON BEHALF | ) | |
| OF HIMSELF AND THE CLASS | ) | |
| DESCRIBED HEREIN, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05cv396-WHA-DRB |
| | ) | |
| UNIFUND CCR PARTNERS, UNIFUND | ) | |
| CORPORATION, CREDIT CARD | ) | |
| RECEIVABLES FUND INCORPORATED | ) | |
| AND ZB LIMITED PARTNERSHIP, | ) | |
| | ) | |
| DEFENDANT(S). | ) | |

---

## CERTIFICATE OF SERVICE

---

I do hereby certify that on this the __15th__ day of June, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Earl Price Underwood, Jr., Esq.
E-mail:        epunderwood@alalaw.com

James Donnie Patterson, Esq.
E-mail:        jpatterson@alalaw.com

Jimmy S. Calton, Jr. Esq,
E-mail:        caltonlaw@eufaula.rr.com

{B0505122}

Respectfully Submitted,


 /s Joshua H. Threadcraft
John P. Scott, Jr.
Bar No.: ASB 3636-O69J
Rik S. Tozzi
Bar No.: ASB 7144-Z48R
Joshua H. Threadcraft
Bar No.: ASB 7136-H36T
Attorneys for Defendants identified in the
Complaint as Unifund CCR Partners,
Unifund Corporation, Credit Card
Receivables Fund Incorporated and ZB
Limited Partnership
STARNES & ATCHISON, LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
E-mail:       jps@starneslaw.com
              rst@starneslaw.com
              jht@starneslaw.com

22

{B0505122}