IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| George Brummitt, | * |
| | * |
| Plaintiffs, | * |
| v. | *   CASE NO. 2:05cv396-WAH-DRB |
| | * |
| Unifund CCR Partners, | * |
| Unifund Corporation, | * |
| Credit Card Receivables | * |
| Fund Incorporated, and | *   JURY TRIAL DEMANDED |
| ZB Limited Partnership, | * |
| | * |
| Defendant(s). | * |

## FIRST AMENDED COMPLAINT

Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "Act") to recover damages by reason of the Defendants' violation of the Act, and alleges:

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to § 813(d) of the Act, 15 U.S.C. § 1692k(d), and 28 U.S.C. 1331.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### THE PARTIES

3. Plaintiff is a resident of Barbour County, Alabama.

4. Defendant, Unifund CCR Partners is a general partnership (hereinafter Unifund) and is a debt collector as defined by the FDCPA.

5. Defendants Unifund Corporation, Credit Card Receivables Fund Incorporated and ZB Partnership (hereinafter Partners) are general partners of defendant Unifund and as such its acts are chargeable to them.

## FACTUAL ALLEGATIONS

6. On or about February 22, 2005, Unifund filed or caused to be filed a suit in the Small Claims Court of Barbour County, Alabama. A copy of the suit is attached hereto as exhibit "One" to the original complaint and incorporated by reference.

7. Unifund claimed that Plaintiff owed a "VERIFIED ACCOUNT STATED" in the amount of $2,174.50.

8. The debt Unifund sought to recover was a consumer debt as defined by the FDCPA.

9. The complaint filed by defendants had no documentation of the debt other than an affidavit of one Bharati Lengade attached which stated that plaintiff owed $2,174.50 on a debt that "was originated with B1 Brand Embossed Digit Card." Two other documents were attached to the affidavit purporting to show an assignment of a debt from Bank One, Delaware NA.

10. Plaintiff obtained counsel and the matter was set for trial.

11. Unifund failed to appear for the trial and the matter was dismissed.

12. The complaint, affidavit and exhibits are deceptive in that are insufficient to establish an account stated and at best support at best a claim on an open account.

13. The Court of Civil Appeals of Alabama summarized the requirements of an account stated in University of South Alabama v. Bracy, 466 So. 2d 148, 150 (Ala. Civ. App. 1985) saying:

> "An account stated is a post-transaction agreement. It is not founded on the original liability, but is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount. Martin v.

Stoltenborg, 273 Ala. 456, 142 So. 2d 257 (1962). It is as if a promissory note had been given for the balance due. Ingalls v. Ingalls Iron Works Co., 258 F.2d 750 (5th Cir. 1958).

"A prima facie case on an account stated is made when the plaintiff proves (1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability. Ingalls v. Ingalls Iron Works Co., supra; Barber v. Martin, 240 Ala. 656, 200 So. 787 (1941). The debtor's admission to the correctness of the statement and to his liability thereon can be express or implied. An account rendered, and not objected to within reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account. Home Federal Savings & Loan Association v. Williams, 276 Ala. 37, 158 So. 2d 678 (1963); Joseph v. Southwark, 99 Ala. 47, 10 So. 327 (1891)."

14. The exhibits and affidavit attached to Unifund's complaint are only sufficient to support an open account.

15. On information and belief Unifund alleges an "account stated" because the statute of limitations is longer for an account stated than that for an open account.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

17. Plaintiff alleges said debt Unifund sought to collect is a consumer debt pursuant to 15 U.S.C. §1692a(5).

18. Unifund's actions constitute violations of the Fair Debt Collection Practices Act (FDCPA) which include, but are not limited to, the following:

    a. A false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A);

    b.    The use of a false representation and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10);

    c.    A violation of 15 U.S.C. § 1692f which prohibits the use of and unfair or unconscionable means to collect or attempt to collect a debt; and

    d.    Unifund has violated the FDCPA in ways not specified herein.

19. As a result of Unifund's violations of the FDCPA, the plaintiff is entitled to an award of statutory damages, costs, and attorney's fees.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendant for:

    a.    Statutory and actual damages pursuant to 15 U.S.C. §1692k.

    b.    Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k.

    c.    For such other and further relief as may be just and proper.

**DATED** this the 27th day of June, 2005.

_____
EARL P. UNDERWOOD (UNDEE6591)

Law Offices of Earl P. Underwood, Jr.
21 South Section Street
PO Box 969
Fairhope Alabama 36533
(251) 990-5558
(251) 990-0626 (Fax)

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

_____
Earl P. Underwood, Jr.

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 28 day of June I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joshua H. Threadcraft
Email:     jht@starneslaw.com

Rik S. Tozzi
Email:     rst@starneslaw.com

John P. Scott, Jr.
Email:     jps@starneslaw.com

Jimmy S. Calton, Jr.
Email:     caltonlaw@eufaula.rr.com


Respectfully submitted,

Earl P. Underwood, Jr.