IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| GEORGE BRUMMITT, | * |
| | * |
| Plaintiff, | * |
| v. | *CASE NO. 2:05cv396-WAH-DRB |
| | * |
| Unifund CCR Partners, et al., | * |
| | *   JURY TRIAL DEMANDED |
| Defendant(s). | * |

## BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

### INTRODUCTION

The complaint alleges the defendants have violated the Fair Debt Collection Practices Act (FDCPA) by filing a lawsuit in state court that contains deceptive statements and mischaracterizes the nature of the alleged obligation between the parties.

### STATEMENT OF FACTS

The defendants are in the business of buying distressed credit card debt (see Exhibit A to the state court complaint[1]). According to that exhibit Unifund purchased approximately $97,000,000.00 worth of debt from Bank One Delaware, N.A.

---

[1] The state court complaint was attached to plaintiff's original complaint as exhibit 1.

Unifund filed or caused to be filed on or about February 22, 2005, a suit in the Small Claims Court of Barbour County, Alabama against the plaintiff herein. (Amended Complaint at paragraph 6.) The Complaint in the State Court Collection case claimed the plaintiff owed a "verified account stated" in the amount of $2,174.50. (Amended Complaint paragraph 7.) An affidavit of one Bharati Lengade was attached to the state court complaint. The affidavit stated that the plaintiff owed the sum of $2,174.50 on a debt that was "originated with B1 Brand embossed digit card" (Amended Complaint paragraph 9).

Mr. Brummitt obtained counsel and the matter was set for trial. Unifund failed to appear for the trial and the matter was dismissed. (Amended Complaint paragraph 10 and 11.) The Complaint and exhibits are deceptive in that they are insufficient to establish an account stated and would at best support a claim on an open account. (Amended Complaint at paragraph 12.) Exhibits and affidavit attached to Unifund's complaint are only sufficient to support an open account. (Amended Complaint paragraph 14.) The debt Unifund sought to collect is a consumer debt, (Amended Complaint at paragraph 16).

## ARGUMENT

A complaint may not be so dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pataula Elec. Membership Corp. v. Whitworth,* 951 F.2d 1238, 1240 (11th Cir.) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)), *cert. denied,* 506 U.S. 907, 113 S. Ct. 302, 121 L. Ed. 2d 225 (1992). Further the court could consider "all allegations in the complaint as true and construing facts in a light most favorable to the plaintiff." *Harper v. Thomas,* 988 F.2d 101, 103 (11th Cir.1993). "The question is not whether the plaintiff will ultimately prevail on their claim." *Jackam v. Hosp. Corp. of Am. Mideast Ltd.,* 800 F.2d 1577 1579-80 (11th Cir. 1986) "The court must read the complaint to include any theory on which the plaintiff can recover." *Lindner v. Portocarrero,* 963 F.2d 332, 334-36 (11th Cir. 1992).

The purpose of the FDCPA is to "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Plaintiff has alleged specifically a violation of three sections of the Fair Debt Collection Practices Act. They are § 1692e(2)(A), § 1692e(10) and § 1692f. (Amended complaint at paragraph 18.) Additionally, at paragraph 17 plaintiff alleged that the debt that the defendant sought to collect was a consumer debt as defined by 15 U.S.C. §1692a(5) (Amended Complaint at paragraph 17.)

The only allegations necessary for plaintiff to state a claim under the FDCPA §1692e(2)(A) are:

> 1. That the defendant was a debt collector;
>
> 2. That the debt the defendant sought to collect was a consumer debt; and
>
> 3. That the defendant misrepresented the character, amount or legal status of the debt.

Likewise, under §1692e(10), to state a cause of action the plaintiff must plead further that the defendant used a false representation or deceptive means to collect or attempt to collect a debt. A violation under §1692f is pled when a plaintiff pleads that a debt collector has used an unfair or unconscionable means to collect a debt or attempt to collect a debt. Each of these allegations is specifically pled in paragraph 18 of plaintiff's amended complaint.

Several courts have considered whether or not a deceptive statement in a pleading filed in a collection case will support an action under the FDCPA. One example is *Hartman v. Asset Acceptance Corp.,* 2004 U.S. Dist. LEXIS 24845 (D. Ohio, 2004). In *Hartman,* Asset Acceptance Corp., filed a lawsuit against Ms. Hartman in Ohio state court seeking a judgment in the amount of $2,542.32 plus interest. The debt collector's branch manager, one Charles Hilson signed an affidavit which was attached to the state court complaint claiming that the debt collector was a "holder in due course" of the credit card account. Hartman then filed a lawsuit under 15 U.S.C. § 1692. Her sole basis for relief was the debt collector's statement that it was a "holder in due course." Hartman alleged that this statement was false and violated several provisions of the FDCPA. The debt collector, Asset Acceptance Corp., moved for a judgment on the pleadings initially and then moved for summary judgment. In denying summary judgment on most of Hartman's claims the Court said that:

> While there is some doubt as to whether Congress really intended *15 U.S.C.S. § 1692e* to apply to statements and representations not made directly to the debtor, the vast majority of courts have concluded that the broad statutory language applies to documents filed in legal proceedings.

Many other courts have concluded that the FDCPA applies to "testimonial" documents and to pleadings filed in state court actions. See,

*Gearing v. Check Brokerage Corporation*, 233 F.3d 469 (7th Cir. 2000) [debt collector's complaint, incorrectly alleging it was "subrogated" to rights of creditor, subject to FDCPA]; *Tomas v. Bass & Moglowski, P.C.*, 1999 U.S. Dist. LEXIS 21533 (W.D. Wisc., June 29, 1999) [summons and complaint filed in state replevin action subjected attorney to FDCPA liability]; *Campos v. Brooksbank*, 120 F. Supp.2d 1271 (D.C. N.M. 2000) [attorney's fee affidavit and deposition notice subject to FDCPA]; *Jacquez v. Diem Corp.*, 2003 U.S. Dist. LEXIS 8333 (D.C. Ariz. February 20, 2003) [writ of garnishment signed by debt collector subject to FDCPA]; *Anderson v. Frederick J. Hanna & Assocs.*, 361 F. Supp. 2d 1379, 1383 (D. Ga., 2005) [defendants' argument that a lawsuit to collect a debt is not "collection activity" is patently frivolous.]

The standard in this circuit regarding deception under the FDCPA is the "least sophisticated consumer" standard. *Jeter v. Credit Bureau*, 760 F.2d 1168, 1175 (11th Cir., 1985) [we adopt the *Exposition Press* standard of "least sophisticated consumer" as previously followed by the federal courts in *Baker, supra* and *Bingham*.]

The state court complaint stated that the Brummitt "owes the plaintiff the sum of $2,174.50 because: VERIFIED ACCOUNT STATED...) but it does not state how the debt was "verified." The "AFFIDAVIT OF

INDEBTEDNESS" and the "UNIFUND STATEMENT" describe an account with "B1 Brand Embossed Digit Card" while the "BILL OF SALE" describes the purchase of certain accounts from "Bank One, Delaware NA." (See state court complaint and exhibits.) It is easy to see that this could be deceptive to the "least sophisticated consumer."

Under Alabama law "An account stated is not founded on the original liability, but on the defendant's admission that a definite sum is due in the nature of a new promise, express or implied." *Mobile Rug & Shade Co. v. Daniel*, 424 So. 2d 1332, 1333 (Ala. Civ. App. 1983)(quoting *Martin v. Stoltenborg*, 273 Ala. 456, 459, 142 So. 2d 257, 259 (1962)). Here there is no "implied" admission or promise to pay the debt because the FDCPA expressly provides that "the failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. § 1692g(c). There can therefore be no account stated.

With the amended complaint the portion of the defendant's motion to dismiss under FRCP 12(b)(1) is now moot and therefore not addressed herein.

## CONCLUSION

It is abundantly clear that the plaintiff's amended complaint states a clause of action under the FDCPA and therefore Unifund's motion should be denied.

Respectfully submitted this 5th day of July, 2005

_____
EARL P. UNDERWOOD (UNDEE6591)

Law Offices of Earl P. Underwood, Jr.
21 South Section Street
PO Box 969
Fairhope Alabama 36533
(251) 990-5558
(251) 990-0626 (Fax)

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 5th day of July, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joshua H. Threadcraft
Email:   jht@starneslaw.com

Rik S. Tozzi
Email:   rst@starneslaw.com

John P. Scott, Jr.
Email:   jps@starneslaw.com

Jimmy S. Calton, Jr.
Email:   caltonlaw@eufaula.rr.com

_____
Earl P. Underwood, Jr.

8